26 So.2d 915

## KIRKSEY v. STATE.

### 7 Div. 851.

Court of Appeals of Alabama.

June 25, 1946.

Handy Ellis, of Columbiana, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of assault with intent to murder, the defendant appealed.

There is but slight, if any, conflict in the evidence on the material question involved in this case, all of which, including that of the accused, tended to show that the defendant unlawfully and with malice aforethought, assaulted Percy Harrison with the intent to murder him. It is undisputed that the defendant was on bad terms with the alleged injured party, and on the day in question in close proximity he shot him in the face and head with a shotgun. The evidence shows this shooting was done under such facts and circumstances, if death had ensued, the defendant would, under the law, have been guilty of murder in the first degree.

Upon examination of the transcript we find no fact or circumstance that tends to

palliate, mitigate, or excuse, the accused. On the trial the defendant was accorded numerous rights and privileges, by the rulings of the court, to which he was not entitled. We do not say there was no error in the rulings of the court upon the trial of this case, but it affirmatively appears each of said rulings was favorable to the accused and adverse to the State's case. The record discloses that upon the verdict of the jury finding the defendant guilty of assault with intent to murder, the trial court, whose duty under law was to fix the punishment, fixed the lowest penalty allowed by the Statute; that of two years imprisonment. It is difficult to understand how or why the defendant should complain for manifestly the trial court was extremely merciful in so adjudging.

Throughout the trial there were no rulings of the court calculated to injuriously affect the substantial rights of the defendant. As stated, the contrary clearly appears.

The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.